IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zion Rashaun Dukes,<br><br>   Plaintiff,<br><br>v.<br><br>Damon Greene; Lee Davis; Julie Tennant-Cain; and Thomas W. Commander, Sr.,<br><br>   Defendants. | Civil Action No. 1:25-5697-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Zion Rashaun Dukes' ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  On July 23, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss certain Defendants from this action. (ECF No. 12.) Specifically, the Magistrate Judge found that Plaintiff's complaint includes no allegations against Defendants Lee Davis, Julie Tennant-Cain, and Thomas W. Commander, Sr., other than that they were aware of the alleged incident. As the Magistrate Judge further explained, the doctrine of supervisory liability is generally inapplicable to § 1983 suits. The Magistrate Judge, by separate order, authorized service of process as to the remaining Defendant, Damon Greene. (*Id.*)

  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's conclusion that Defendants Davis, Tennant-Caine, and Commander are entitled to summary dismissal. . **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court dismisses Defendants Davis, Tennant-Caine, and Commander.** This action remains pending as to Defendant Greene.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 25, 2025
Charleston, South Carolina